UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.: 15-CV-20854-SEITZ
                                      (12-CR-20002-SEITZ)
                              MAGISTRATE JUDGE PATRICK A. WHITE

WINFRED ADDISON LEE,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/


          **REPORT OF MAGISTRATE JUDGE**
    **RECOMMENDING MOTION TO VACATE BE DENIED**
     **IN LIGHT OF JOHNSON V. UNITED STATES**


                    **I.  Introduction**


        The movant, a federal prisoner, has filed the instant motion
to vacate, pursuant to 28 U.S.C. §2255, attacking the
constitutionality of his convictions and sentences, entered
following a jury verdict in case no. 12-20002-Cr-Seitz.

        This Cause has been referred to the Undersigned for
consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C);
S.D.Fla. Local Rule 1(f) governing Magistrate Judges, S.D. Fla.
Admin. Order 2003-19; and, Rules 8 and 10 Governing §2255 Cases in
the United States District Courts.

        Previously, the Undersigned issued a Report recommending the
petition be denied on the merits of several ineffective assistance
of counsel claims. (Cv DE# 28). This report remains pending. The
Petitioner then amended his petition to challenge the
constitutionality of his enhanced sentence as an armed career

criminal in light of the Supreme Court's ruling in <u>Johnson v.</u> <u>United States</u>, ___ U.S. ____, 135 S.Ct. 2551 (2015) (hereinafter, "<u>Samuel Johnson</u>"), made retroactively applicable to cases on collateral review by <u>Welch v. United States</u>, 578 U.S. ____, 136 S.Ct. 1257, ____, L.Ed.2d ___ (2016). (Cv DE# 30). The Undersigned issued an order appointing counsel and setting a briefing schedule. (Cv DE# 33).

Presently before the court is the Petitioner's amended complaint (Cv DE# 30, 37, 38), the government's response in opposition to the amended motion (Cv DE# 39), and Petitioner's reply thereto (Cv DE# 44).

## II.  <u>Procedural History</u>

On January 3, 2012, a federal grand jury returned a four-count Indictment charging Lee with two counts of possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); one count of possession of a firearm as a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A) (CR DE# 15). Lee proceeded to trial where the jury convicted Lee of all counts (CR DE# 80, 112, 113, 117, 118).

Prior to sentencing, a PSI was prepared, applying the 2011 Federal Sentencing Guidelines Manual, which reveals as follows. Because the movant, who was responsible for 11.95 kilograms of marijuana, committed an offense involving at least 10 kilograms but less than 20 kilograms of marijuana, his base offense level was set at 16, U.S.S.G. §2D1.1(c)(12). (PSI ¶17). The Petitioner was an armed career criminal because he was subject to an enhanced

sentence under provisions of 18 U.S.C. §924(e), pursuant to §4B1.4(a). (PSI ¶23). The PSI did not identify the specific convictions on which it relied. (Id.). The total offense level was set at 33.

The probation officer next determined that the movant had a total of nine criminal history points and a criminal history category of IV (Chapter Five, Part A). (PSI ¶48). Pursuant to §4B1.4(c)(3), the movant's criminal history category was also IV. (PSI ¶48).

Statutorily, as to each of Counts One and Two, the term of imprisonment was 0 to 20 years, 21 U.S.C. §841(b)(1)(C). As to Count Three, the minimum term of imprisonment was 15 years and the maximum term was life, 18 U.S.C. §924(e)(1). As to Count Four, a term of imprisonment of at least five years under 18 U.S.C. §924(c)(1)(A),(D)(ii) was required to run consecutive to any other term of imprisonment. (PSI ¶95). Based on a total offense level of 33 and a criminal history category of IV, the guideline imprisonment range was 188 to 235 months. As to Count Four, a term of imprisonment of 60 months under 18 U.S.C. §924(c)(1)(A),(D)(ii) was to run consecutive to any other term of imprisonment, §5G1.2(a).(PSI ¶96).

Petitioner filed written objections to the enhanced sentence as an Armed Career Criminal and the computation of his criminal history, arguing that his advisory guidelines range should have been 27-33 months' imprisonment. (Cr DE# 87). On January 10, 2013, Petitioner appeared for sentencing. The court made clear it was relying on the following prior convictions in support of the ACCA enhancement: resisting an officer with violence in case no. F88-4743 (PSI ¶27); burglary of a dwelling in case no. F88-11712 (PSI ¶28); possession with intent to sell a controlled substance on

or near a school in case no. F89-24921 (PSI ¶29); sale, manufacture, or delivery of cocaine in case no. F94-20301 (PSI ¶39). (CR DE# 105, Sentencing Transcript). The Court overruled Petitioner's objections and sentenced him to 240 months' imprisonment, followed by three years' supervised release. (Id.). The court entered its judgment on January 10, 2013. (Cr DE# 96).

Lee appealed (CR DE# 98). He claimed that the District Court made an error in fact when determining whether to hold a <u>Franks</u> hearing, which led it to improperly deny the hearing and erroneously admit evidence discovered at his apartment pursuant to a defective search warrant (CR DE# 126). The Court found that the challenge to the denial of the <u>Franks</u> hearing was abandoned because Lee had failed to allege in his appellate brief that the false statement in the affidavit was necessary to a finding of probable cause in <u>United States v. Lee</u>, 548 Fed. Appx. 585 (11th Cir. **Dec. 9, 2013**). The mandate issued on January 8, 2014.[1] Lee did not petition the Supreme Court for a writ of certiorari.

Thus, the judgment of conviction became final on **Monday, March 10, 2014,** when the 90-day period in which to file a timely petition for certiorari came to an end.[2] The movant had one year from the time his judgment became final, or no later than **Tuesday, March 10,**

---

[1]After the appeal, Lee filed a motion to correct the record, challenging the determination that he is an Armed Career Criminal (CR DE# 128). The Court denied the motion (CR DE# 131).

[2]The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. <u>Griffith v. Kentucky</u>, 479 U.S. 314, 321, n.6 (1986); <u>accord, United States v. Kaufman</u>, 282 F.3d 1336 (11th Cir. 2002); <u>Wainwright v. Sec'y Dep't of Corr's</u>, 537 F.3d 1282, 1283 (11th Cir. 2007)(conviction final under AEDPA the day U.S. Supreme Court denies certiorari, and thus limitations period begins running the next day). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. <u>Sup.Ct.R.</u> 13; <u>see also, Close v. United States</u>, 336 F.3d 1283 (11th Cir. 2003).

**2015**,[3] within which to timely file his federal habeas petition, challenging the judgment of conviction. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); see also, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)).

Shortly before the statute of limitations expired, Movant returned to this court timely filing his initial pro se motion to vacate (Cv-DE#1) pursuant to 28 U.S.C. §2255 on **February 25, 2015.**[4] He also filed an amended complaint (CV DE# 7), a memorandum of law in support thereof (CV DE# 9), and a second amended complaint (CV DE# 13).  After these filings, the government filed a response. (CV DE# 17).  The Undersigned issued a Report recommending the petition be denied on the merits of several ineffective assistance of counsel claims. (Cv DE# 28). This report remains pending.

---

[3]See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)); see also, 28 U.S.C. §2255.

[4][U]nder the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); See also Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

On **June 26, 2015,** the United States Supreme Court held that the ACCA's residual clause--defining a violent felony as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another"--is unconstitutionally vague. Samuel Johnson v. United States, ___ U.S. ____, 135 S.Ct. 2551, 2563 (2015). The Supreme Court, however, expressly did not invalidate the ACCA's elements clause or the enumerated crimes clause. Id. ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony"). Then, on **April 18, 2016,** the Supreme Court held that Samuel Johnson announced a new substantive rule of constitutional law that is retroactively applicable to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257 (2016).

On **April 29, 2016,** Petitioner filed an amended motion wherein he challenged his ACCA enhancement pursuant to Samuel Johnson. (Cv DE# 30). This court issued an order appointing the Federal Public Defender's office and setting a briefing schedule. (Cv-DE# 33). The parties have complied with the court's briefing schedule and the case is now ripe for review. (Cv DE# 30, 37, 38, 39, 44).

### III.  **Threshold Issues**

### **A. Timeliness**

On **June 26, 2015,** the United States Supreme Court held that the ACCA's residual clause--defining a violent felony as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another"--is unconstitutionally vague. Samuel Johnson v. United States, ___ U.S. ____, 135 S.Ct. 2551, 2563 (2015). The Supreme Court, however, expressly did not invalidate the ACCA's elements clause or the enumerated crimes clause. Id.

("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony"). Then, on **April 18, 2016,** the Supreme Court held that Samuel Johnson announced a new substantive rule of constitutional law that is retroactively applicable to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257 (2016).

The parties agree that the amended petition is timely as it was filed within one year of the Supreme Court's issuance of Samuel Johnson on June 26, 2015.

## B. Procedural Bar

The government contends that, even if Samuel Johnson applies to 18 U.S.C. §924(c)(3)(B), Petitioner is procedurally barred from raising this argument because he never argued at sentencing or on direct appeal that the residual clause was unconstitutionally vague.(CR DE# 39:6-8). According to the government, Petitioner cannot satisfy either the cause-and-prejudice or the actual innocence exceptions to the procedural-default rule. (Id.).

As a general matter, a criminal defendant must assert an available challenge to a conviction or sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding; Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989). It is well-settled that a habeas petitioner can avoid the application of the procedural default rule by establishing objective cause for failing to properly raise the claim and actual prejudice resulting from the alleged constitutional violation. Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)(citations omitted); Spencer v. Sec'y, Dep't of Corr., 609 F.3d 1170, 1179-80 (11th Cir. 2010). To show cause, a petitioner

"must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). Cause for not raising a claim can be shown when a claim "is so novel that its legal basis [wa]s not reasonably available to counsel." Bousley v. United States, 523 U.S. 614, 622 (1998). To show prejudice, a petitioner must show actual prejudice resulting from the alleged constitutional violation. United States v. Frady, 456 U.S. 152, 168, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); Wainwright v. Sykes, 433 U.S. 72, 84, 97 S. Ct. 2497, 2505, 53 L. Ed. 2d 594 (1977).

Under exceptional circumstances, a prisoner may obtain federal habeas review of a procedurally defaulted claim if such review is necessary to correct a fundamental miscarriage of justice, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 495-96; see also Herrera v. Collins, 506 U.S. 390, 404, 113 S. Ct. 853, 862, 122 L. Ed. 2d 203 (1993); Kuhlmann v. Wilson, 477 U.S. 436, 106 S. Ct. 2616, 91 L. Ed. 2d 364 (1986). The actual innocence exception is "exceedingly narrow in scope" and requires proof of actual innocence, not just legal innocence. Id. at 496; see also Bousley, 523 U.S. at 623 ("'actual innocence' means factual innocence, not mere legal insufficiency"); Sawyer v. Whitley, 505 U.S. 333, 339 (1992)("the miscarriage of justice exception is concerned with actual as compared to legal innocence").

Where the Supreme Court explicitly overrules well-settled precedent and gives retroactive application to that new rule after a litigant's direct appeal, "[b]y definition" a claim based on that new rule cannot be said to have been reasonably available to counsel at the time of the direct appeal. Reed v. Ross, 468 U.S. 1, 17 (1984). That is precisely the circumstance here. Samuel

_Johnson_ overruled precedent, announced a new rule, and the Supreme Court gave retroactive application to that new rule. However, no actual prejudice would result from finding a procedural default here because, as set forth below, regardless of whether _Samuel Johnson_ applies, Petitioner's ACCA enhancement remains valid. Accordingly, Movant cannot establish cause-and-prejudice to overcome the procedural bar.

## IV.  **Standard of Review**

Post-conviction relief is available to a federal prisoner under §2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law." 28 U.S.C. §2255(a); see _Hill v. United States_, 368 U.S. 424, 426-27 (1962). A sentence is "otherwise subject to collateral attack" if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." _United States v. Addonizio_, 442 U.S. 178, 185 (1979); _Hill v. United States_, 368 U.S. at 428.

However, a federal prisoner who already filed a §2255 motion and received review of that motion is required to move the court of appeals for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct sentence. See 28 U.S.C. §2255(h); 28 U.S.C. §2244(b)(3)(A).

If, as here, the Court of Appeals grants leave to file a successive §2255 motion, the trial court must review the record _de novo_ to ascertain whether the movant meets the statutory criteria for relief under 28 U.S.C. §2255(h). See _Jordan v. Sec'y Dep't of Corr's_, 485 F.3d 1351, 1357-58 (11 Cir. 2007); _Leone v. United_

States, __ F.Supp.2d ___, 2016 WL 4479390, *4 (S.D. Fla. Aug. 24, 2016)(stating a district court conducts de novo review after Court of Appeal grants leave to file a successive §2255 motion). Nothing in the Court of Appeals' ruling binds the district court. In re Chance, 831 F.3d at 1335, 1338 (11 Cir. 2016). Only if the district court concludes that the applicant has established the statutory requirements for filing a second or successive motion will it "'proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise.'" Leone v. United States, ___ F.Supp.2d ___, 2016 WL 4479390, *4 (S.D. Fla. Aug. 24, 2016)(Lenard, J.) (quoting In re Moss, 703 F.3d ---, 1303 (11 Cir. 20--)

Thus, pursuant to 28 U.S.C. §2244, the court must determine whether the movant has shown that his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2244(b)(2)(A). If the movant has not made this showing, then the case must be dismissed. 28 U.S.C. §2244(b)(4).

The standard for conducting the foregoing review is far from settled with the Eleventh Circuit. In In re Moore, one panel granted a movant's §2255 application "because it [was] unclear whether the district court relied on the residual clause or other ACCA clauses in sentencing Moore, so Moore met his burden of making out a prima facie case that he is entitled to file a successive §2255 motion raising his Johnson claim." Id. at 1272. In dicta, the Moore panel further added:

> [T]he district court cannot grant relief in a
> §2255 proceeding unless the movant meets hi
> burden that he is entitled to relief, and in
> this context the movant cannot meet that
> burden unless he proves that hew as sentenced
> using the residual clause and that the use of

> that clause made a difference in the sentence.
> If the district court cannot determine whether
> the residual clause was used in sentencing and
> affected the final sentence--if the court
> cannot determine one way or the other--the
> district court must deny the §2255 motion. It
> must do so because the movant will have failed
> to carry his burden of showing all that is
> necessary to warrant §2255 relief.

Id. at 1273.

Just six days after Moore, a different Eleventh Circuit panel called into doubt the Moore panel's reasoning. In re Chance 831 F.3d at 1339. In Chance, the Eleventh Circuit panel stated that the Moore court's suggestion that an inmate must affirmatively show that he was sentenced under the residual clause was "wrong, for two reasons." Id. at 1340. First, Moore incorrectly "implie[d] that the district judge deciding [a movant's] upcoming §2255 motion can ignore decisions of the Supreme Court that were rendered since that time in favor of a foray into a stale record." Id. Under Moore's approach, "unless the sentencing judge uttered the magic words 'residual clause' ... a defendant could not benefit from [the Supreme Court's] binding precedent." Id.

Second, the Chance court noted that a movant would face nearly impossible odds in proving whether the sentencing court relied on the residual clause "at his potentially decades-old sentencing." Id. "Nothing in the law require[d] a judge to specify which clause of §924(c)--the residual or elements clause--it relied upon in imposing a sentence." Id. Thus, the Chance court concluded that the Moore Court's approach was "unworkable." Id. To the Chance court, "it makes no difference whether the sentencing judge used the words 'residual clause' or 'elements clause' or 'some similar phrase,'" because "the required showing is simply that §924(c) may no longer authorize his sentence as that statute stands after Johnson--not

11

proof of what the judge said or thought at a decades-old sentencing." Id.

Where, as here, "an applicant is raising a true Johnson claim, such as here where the district court may have relied on the now-voided residual clause, it is unclear what effect, if any, Descamps[ v. United States, 133 S.Ct. 2276 (2013)] might have on the next step of the Johnson analysis [after successiveness permission is granted] as to whether a particular crime might still qualify under another ACCA clause." In re Adams, 825 F.3d 1283, 1286 (11th Cir. 2016) (distinguishing a Descamps "standalone claim" from a true Samuel Johnson claim that requires the Court to "look to the text of the relevant statutes, including the ACCA, to determine which, if any ACCA clauses [the movant's] prior convictions fall under" and "[i]n fulfilling this duty, we should look to guiding precedent, such as Descamps, to ensure we apply the correct meaning of the ACCA's words.").

The Chance panel noted that, "[i]n applying the categorical approach, it would make no sense for a district court to have to ignore precedent such as Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), and Mathis v. United States, ___ U.S. ___, 136 S.Ct. 2243, ___ L.Ed.2d ___ (2016), which are the Supreme Court's binding interpretations of that approach." In re Chance, 2016 WL 4123844 at *4. By contrast, other Eleventh Circuit panels have opined that it is improper to consider Descamps because it is not retroactive for purposes of a second or successive §2255 motion and, therefore, Samuel Johnson cannot be used as a "portal" to raise a Descamps claim, whether "independent or otherwise." In re Hires, 825 F.3d 1297, 1303 (11th Cir. 2016) (denying a successiveness application because the movant's prior convictions qualified under ACCA's elements clause; noting that "Descamps does not qualify as a new rule of constitutional law for §2255(h)(2)

purposes, and, thus, _Descamps_ cannot serve as a basis, independent or otherwise, for authorizing a second or successive §2255 motion....").

The _Chance_ panel further noted that both _Chance_ and _Moore_ are only _dicta_ and that District Court's review is _de novo_. 2016 WL 4123844 at *5; see _Jordan v. Sec'y, Dep't of Corr._, 485 F.3d 1351 (11th Cir. 2007) (the district court is to decide the §2244(b)(1) & (2) issues fresh, or in the legal vernacular, _de novo_).

After _Moore_ and _Chance_, numerous district courts have grappled with the movant's burden of proof where the record was silent as to how the sentencing court applied the ACCA. The majority of these courts adopted _Chance_'s reasoning, both with regards to the movant's burden of proof and the controlling law for analyzing a _Samuel Johnson_ claim. See, e.g., _United States v. Wolf_, No. 04-cr-347-1, 2016 WL 6433151, at *2-4 (M.D. Pa. Oct. 31, 2016); _United States v. Winston_, NO. 01-cr-00079, 2016 WL 4940211, at *4-6 (W.D. Va. Sept. 16, 2016); _Leonard v. United States_, 16-22612, 2016 WL 4576040 at *2 (S.D. Fla. Aug. 22, 2016) (Altonaga, J.) (following the approach outlined in _Chance_ to conclude that a movant "can sustain his Section 2255 Motion if: (1) it is unclear from the record which clause the sentencing court relief on in applying the ACCA enhancement; and (2) in light of _Johnson_, [his] prior convictions no longer qualify him for the ACCA sentencing enhancement" based on the present state of the law including _Descamps_ and _Mathis_); _Leone v. United States_, __ F.Supp.3d __, 2016 WL 4479390 at *9 (S.D. Fla. Aug. 24, 2016) (Lenard, J.) (following the approach outlined in _Moore_ to conclude that a movant whose "_Johnson_ claim is inextricably intertwined with _Descamps_ and _Mathis_" failed to satisfy §2255(h) because, "[o]ther than the new rule made retroactive by the Supreme Court (i.e., _Johnson_), the Court must apply the law as it existed at the time of sentencing to

determine whether the Movant's sentence was enhanced under the ACCA's residual clause"); <u>United States v. Ladwig</u>, No. 03-Cr-232, 2016 WL 3619640, at *3 (E.D. Wash. June 28, 2016)("Because [the movant] has shown that the court might have relied upon the unconstitutional residual clause in finding that his burglary and attempted rape convictions qualified as violent felonies, the court finds that he has established constitutional error.").

The undersigned recommends following the approach suggested by the <u>Chance</u> panel on both the Movant's burden of proof and the law that is applicable to the <u>Samuel Johnson</u> analysis. Thus, when it is unclear on which ACCA clause the sentencing judge rested a predicate conviction, the movant's burden is to show only that the sentencing judge may have used the residual clause. <u>See Diaz v. United States</u>, 2016 WL 4524785, at *5 (W.D. N.Y. Aug. 30, 2016); <u>United States v. Navarro</u>, 2016 WL 1253830, at *3 (E.D. Wash. Mar. 10, 2016). "Of course, ... this procedure ... invites the government to show (on the merits) that the predicate offense otherwise fits within the ACCA's force or enumerated clauses." <u>United States v. Winston</u>, NO. 01-cr-00079, 2016 WL 4940211, at *6 (W.D. Va. Sept. 16, 2016).

With regards to the burden of proof, it would also be unfair to require a §2255 movant to affirmatively prove that the sentencing court relied on ACCA's residual clause because "[n]othing in the law requires a judge to specify which clause of §924(c) – residual or elements clause – it relied upon in imposing a sentence." <u>Chance</u>, 2016 WL 4123844 at *4. Further, even if a sentencing judge mentions the residual or elements clause, "it would not prove that the sentencing judge 'sentenced [the defendant] using the residual clause.'" <u>Id</u>.

A compelling comparison can be drawn between claims of <u>Samuel</u>

<u>Johnson</u> error and the error that results from a general verdict following unconstitutional jury instructions. See <u>United States v. Winston</u>, 2016 WL 4940211 (W.D. Va. Sept. 16, 2016). As the Supreme Court explained in that context:

> a general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient ground. The cases in which this rule has been applied all involved general verdicts based on a record that left the reviewing court uncertain as to the actual ground on which the jury's decision rested.

<u>Zant v. Stephens</u>, 462 U.S. 862, 881 (1983).

Under this theory, when it is unclear upon which ACCA clause the sentencing judge rested a predicate conviction, the movant's burden is to show only that the sentencing judge *may* have used the residual clause. <u>See</u> <u>Winston</u>, 2016 WL 4940211 at *6. This procedure is subject to harmless error analysis in that the Government may show on the merits that the predicate offense fits within ACCA's force or enumerated clauses. <u>Id.</u>

With regards to the law governing a <u>Samuel Johnson</u> claim, the current state of the law, including cases such as <u>Descamps</u> and <u>Mathis</u>, should be applied to determine whether relief is warranted. It is undisputed that cases like <u>Descamps</u> are not retroactively applicable on collateral review because they are not substantive or watershed rules of procedure. <u>See</u> <u>King v. United States</u>, 610 Fed. Appx. 825 (11th Cir. 2015).

Rather, <u>Descamps</u> "merely applied prior precedent to reaffirm that courts may not use the modified categorical approach to determine whether convictions under indivisible statutes are

predicate ACCA violent felonies." Id. at 828. Settled rules, that
is, rules dictated by precedent existing when a defendant's
conviction became final, apply retroactively on collateral review.
See Chaidez v. United States, __ U.S. __, 133 S.Ct. 1103, 1107
(2013) (unless a Teague exception applies, "[o]nly when [the
Supreme Court] appl[ies] a settled rule may a person avail herself
of the decision on collateral review."). This is so because it is
the Supreme Court's duty to "say what a statute means, and once the
Court has spoken, it is the duty of other courts to respect that
understanding of the governing rule of law. A judicial construction
of a statute is an authoritative statement of what the statute
meant before as well as after the decision of the case giving rise
to that construction." Rivers v. Road Express, Inc., 511 U.S. 298,
312-13 (1994).

When the Supreme Court construes a statute, "it is explaining
its understanding of what the statute has meant continuously since
the date when it became law." Id. at 313 n. 12. Since Descamps
applies settled rules of law, "the Court may therefore consider
[movant's] defensive arguments about why his ... convictions never
properly qualified as ACCA predicates under the enumerated or
elements clauses." Fugitt v. United States, 2016 WL 5373121 at *3
(W.D. Wash. Sept. 26, 2016).

Several district courts have applied the current state of the
law, rather than the law at the time of sentencing, to determine
whether Samuel Johnson claims are meritorious. See, e.g., United
States v. Harris, 2016 WL 4539183 (M.D. Pa. Aug, 31, 2016) (in an
initial §2255 motion, concluding that the movant can rely on
current law to establish that his prior convictions do not qualify
him for enhanced sentencing under the elements or enumerated
offense clauses); Smith v. United States, 2015 WL 11117627 at *6
(E.D. Tenn. Nov. 24, 2016) (in an initial §2255 motion, applying

16

Sixth Circuit case law from 2011, even though Defendant was sentenced in 2006, when assessing whether prior conviction fits within force clause). This approach has also been applied to successive §2255 motions. See United States v. Ladwig, ___ F.Supp.3d ___, 2016 WL 3619640 at *4-5 (E.D. Wash June 28, 2016) (explaining why, when faced with Government's argument that other ACCA clauses supported enhancement, courts should apply current precedent to those clauses, even to successive petitions that raise Johnson challenges); see also United States v. Christian, 2016 WL 4933037 (9th Cir. Sept. 16, 2016) (reversing denial of successive §2255 motion because, applying Descamps, the movant did not have a sufficient number of violent felonies to sustain an ACCA sentencing enhancement).

Therefore, in the instant case, the Movant demonstrates he is entitled to relief, pursuant to §2255(h), if he shows that: (1) it is unclear from the record which clause the sentencing court relied on in applying the ACCA enhancement; and, (2) in light of Samuel Johnson, his prior convictions no longer qualify him for the ACCA sentencing enhancement, based on the present state of the law, including Descamps and Mathis. See Leonard, 2016 WL 4576040, at *2; see also Mack v. United States, 16-CV-23021-MARRA:DE#17 (adopting the reasoning set forth in Chance, granting the §2255 motion, and ordering movant's immediate release from custody).

## V. <u>Discussion</u>

Given the foregoing standards, it must first be determined whether the movant has demonstrated that the sentencing court *may* have relied on the ACCA's residual clause when imposing an armed career criminal enhancement at sentencing.

As will be recalled, the court relied on the following prior

17

convictions in support of the ACCA enhancement: resisting an officer with violence in case no. F88-4743 (PSI ¶27); burglary of a dwelling in case no. F88-11712 (PSI ¶28); possession with intent to sell a controlled substance on or near a school in case no. F89-24921 (PSI ¶29); sale, manufacture, or delivery of cocaine in case no. F94-20301 (PSI ¶39). (CR DE# 105, Sentencing Transcript).

The PSI next determined that the movant had a total of 9 criminal history points and a criminal history category of IV. (PSI ¶48). Statutorily, the movant faced a 15-year minimum term of imprisonment and a maximum term of life for violating 18 U.S.C. §924(e). (PSI ¶95). Absent an ACCA enhancement, the maximum sentence for violation of §922(g) is ten years' imprisonment. See 18 U.S.C. §922(g). Based on a total offense level of 33 and a criminal history category IV, the guideline imprisonment range was 188 to 235 months. (PSI ¶96).

Petitioner appeared for sentencing wherein the court found that he qualified as an armed career criminal and then sentenced him to 240 months' imprisonment. (Cr DE# 105, Sentencing Hearing Transcript).

It is unclear from the record on which clause of the ACCA the court relied in sentencing the movant because the court did not explicitly or implicitly indicate at sentencing upon which clause it relied in applying the ACCA enhancement. The PSI is also silent on the issue, merely recognizing that the movant is an armed career criminal under the provisions of §924(e) (PSI ¶23). Since it is unclear from the record whether the court relied upon the residual clause, as opposed to the enumerated offenses clause of the ACCA, the movant has satisfied the first factor of the Chance test. Therefore, the court next turns to a determination of the second factor.

The second inquiry requires a determination whether, in light of <u>Samuel Johnson</u>, the movant's prior convictions no longer qualify him for the ACCA sentencing enhancement under an analysis based on the present state of the law. In other words, to support an ACCA enhanced sentence, movant must have three qualifying predicate offenses which constitute felony convictions for crimes of violence or serious drug offenses.

When applying §924(e), courts should generally only look to the facts of conviction and the elements of the prior statute of conviction, or to the charging documents and jury instructions, but not the facts of each of defendant's prior conduct. <u>See</u> <u>Taylor v. United States</u>, 495 U.S. 575, 600-602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1999). With the sole exception of convictions obtained in violation of the right to counsel, a defendant has no right to challenge the validity of previous state convictions in his federal sentencing proceeding when such convictions are used to enhance a sentence under the ACCA. <u>Custis v. United States</u>, 511 U.S. 485, 487 (1994).

Turning to the Armed Career Criminal Act ("ACCA"), it provides an enhanced sentencing for individuals who violate §922(g) and have "three previous convictions for a violent felony, serious drug offense, or both, committed on occasions different from one another...." 18 U.S.C. §924(e)(1). Pertinent to this case, the ACCA defines "violent felonies" as any crime punishable by imprisonment for a term exceeding one year that:

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is  burglary,  arson,  or  extortion, involves  use  of  explosives,  ***or otherwise involves  conduct  that  presents  a  serious***

19

> ***potential   risk   of   physical   injury   to
> another....***

18 U.S.C. §924(e)(2)(B) (emphasis added).

Subsection (e)(2)(B)(i) is known as the "elements clause," the first portion of subsection (e)(2)(B)(ii) is known as the "enumerated crimes clause," and the last portion of Section (B)(ii), in bold type above, is known as the "residual clause."

On June 26, 2015, the United States Supreme Court struck down the italicized clause, commonly known as the residual clause, as a violation of the Fifth Amendment's guarantee of due process. See Samuel Johnson, 135 S.Ct. 2551, 2557 (2015). Specifically, the Supreme held that the ACCA's residual clause violated due process because it violated "[t]he prohibition of vagueness in criminal statutes." 135 S.Ct. at 2556-2557. The Supreme Court further explained that the vagueness doctrine "appl[ies] not only to statutes defining elements of crimes, but also to statutes fixing sentences." Id. at 2557. The ACCA defines a crime and fixes a sentence. See 18 U.S.C. §924(e). In other words, Samuel Johnson "narrowed the class of people who are eligible for" an increased sentence under ACCA. In re Rivero, 797 F.3d 986 (11th Cir. 2015)(citing Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1278 (11th Cir. 2013)).

However, the Supreme Court in Samuel Johnson did not invalidate ACCA's elements clause or enumerated crimes clause. Samuel Johnson, 135 S.Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). On April 18, 2016, the Supreme Court announced that Samuel Johnson is retroactively applicable to cases on collateral review. Welch v. United States, 136 S.Ct. 1257 (2016).

Generally, any fact that increases either the statutory maximum or statutory minimum sentence is an element of the crime, that must be submitted to a jury and proved beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 570 U.S. ___, ___, 133 S.Ct. 2151, 2163-64 (2013). However, there is one exception to the rule--the fact of a prior conviction may be found by the sentencing judge, even if it increases the statutory maximum sentence for the offense. Descamps, 133 S.Ct. at 2289. The Supreme Court has explained that the reason for the exception is that the defendant either had a jury trial that led to the conviction, or waived the right when pleading guilty. See Descamps, at 2288. Thus, when determining whether a prior conviction qualifies as a violent felony under the ACCA, courts may only look to the elements of the crime, not the underlying facts of the conduct that led to the conviction. Id. Additionally, district courts may make findings regarding the nature of a prior conviction for ACCA purposes. United States v. Day, 465 F.3d 1262, 1264-65 (11ᵗʰ Cir. 2006)(per curiam).

In other words, when applying §924(e), courts should generally only look to the elements of the prior statute of conviction, or to the charging documents and jury instructions, but not the facts or conduct underlying a defendant's prior conviction. See Descamps v. United States, __ U.S. __, 133 S.Ct. 2283-85 (2013)(quoting Taylor v. United States, 495 U.S. 575, 600-602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). Thus, courts should "look no further than the statute and judgment of conviction." United States v. Estrella, 758 F.3d 1239, 1244 (11ᵗʰ Cir. 2014)(citation omitted). In so doing, courts "must presume that the conviction 'rested upon nothing more than the least of the acts' criminalized." Moncrieffe v. Holder, ____ U.S. ___, 133 S.Ct. 1678, 1684 (2011)(quoting, Curtis Johnson v. United States, 559 U.S. 133, 137 (2010)) ("Curtis Johnson").

Absent an ACCA enhancement, the maximum sentence for violation §922(g) is ten years imprisonment. <u>See</u> 18 U.S.C. §924(a)(2). With the sole exception of convictions obtained in violation of the right to counsel, a defendant has no right to challenge the validity of previous state convictions in his federal sentencing proceeding when such convictions are used to enhance a sentence under the ACCA. <u>Custis v. United States</u>, 511 U.S. 485, 487 (1994).

After <u>Samuel Johnson</u>, for a prior conviction to qualify as a "violent felony," for purposes of the ACCA, the court must determine whether it falls under the elements clause because it "has as an element the use, attempted use, or threatened use of physical force against the person of another" or under the enumerated offenses clause because it is "burglary, arson, or extortion." 18 U.S.C. §924(e)(1). In that regard, the Supreme Court first instructs courts to "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime [burglary, arson, or extortion]--i.e., the offense as commonly understood." <u>Descamps</u>, 133 S.Ct. at 2281. If the elements of the state offense are either "the same as, or narrower than, those of the generic offense," then any conviction under the statute qualifies as a predicate offense for purposes of the ACCA enhancement. <u>Descamps</u>, <u>supra</u>; <u>see also</u>, <u>United States v. Lockett</u>, 810 F.3d 1262, 1266 (11th Cir. 2016). Likewise, under the categorical approach, if the prior conviction on its face requires proof, beyond a reasonable doubt and without exception, an element involving the use, attempted use, or threatened use of physical force against a person for every charge brought under that statute, then it too qualifies as a violent felony under the ACCA. <u>Descamps</u>, 133 S.Ct. at 2283-84. This is called the "categorical approach." <u>Descamps</u>, <u>supra</u>. But "if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in

its generic form." <u>Descamps</u>, 133 S.Ct. at 2283.

For the limited purpose of helping to implement the categorical approach, the Supreme Court has also recognized a "narrow range of cases" in which courts can utilize what is called the "modified categorical approach." <u>Descamps</u>. at 2284 (quotation omitted). The modified categorical approach allows courts to review certain documents from the state proceedings, known as "<u>Shepard</u> documents," to determine if the state court convicted the defendant of the generic offense. <u>Id</u>. at 2283-84 (quotation omitted); <u>see also</u>, <u>Shepard v. United States</u>, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Even though the modified categorical approach lets courts briefly look at the facts, it "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime. And it preserves the categorical approach's basic method: comparing those elements with the generic offense's." <u>Descamps</u>, 133 S.Ct. at 2285. Thus, the inquiry ""is always about what elements the defendant was convicted of, not the facts that led to that conviction." <u>United States v. Lockett</u>, 810 F.3d at 1266 (<u>citing</u> <u>Descamps</u>, 133 S.Ct. at 2285).

The Eleventh Circuit has recognized that, after <u>Descamps</u>, it can no longer assume that the modified categorical approach applies to all non-generic statutes. <u>See</u> <u>Lockett</u>, <u>supra</u>. (<u>citing</u> <u>Howard</u>, 742 F.3d at 1343). Rather, the Eleventh Circuit has recognized that "the modified categorical approach can be applied only when dealing with a **<u>divisible</u>** statute: a statute that 'sets out one or more elements of the offense in the alternative.'" <u>Lockett</u>, <u>supra</u> (<u>citing</u> <u>Descamps</u>, 133 S.Ct. at 2284)(emphasis added). The Court may refer to <u>Shepard</u> documents to determine under which version of the crime the defendant was convicted. These <u>Shepard</u> documents include, "the charging document, the plea agreement or transcript of colloquy between the judge and defendant, or ... some comparable

judicial record of this information." Shepard, 544 U.S. at 26, 125 S.Ct. at 1263.

However, if a statute "lists multiple, alternative elements, and so effectively creates different crimes," after looking only at the Shepard documents, if the court cannot ascertain under which crime a defendant was convicted, then no conviction under the statute can be assumed to be generic. Lockett, supra. In other words, the modified categorical approach only applies "to explicitly divisible statutes" because the "ACCA's test and history" show that "Congress made a deliberate decision to treat every conviction of a crime in the same manner; and, that cannot work if a "statute sweeps more broadly than the generic crime." Lockett, supra at 1266 (quoting Descamps, 133 S.Ct. at 2283, 2287, 2290). If the statute "does not concern any list of alternative elements," then the "modified approach ... has no role to play," and is thus not applicable. Descamps, 133 S.Ct. 2285-86; Howard, 742 F.3d at 1345-46. Where the modified categorical approach cannot be utilized, the court should limit its review only to the statute and judgment of conviction. Howard, 742 F.3d at 1345. In either case, however, courts are not permitted to consider a defendant's underlying conduct, or the facts forming the basis for the conviction. Descamps, 133 S.Ct. at 2285.

Simply put, Descamps instructs courts on how to determine if a statute is divisible. In essence, the Supreme Court explains that if a statute "lists multiple, alternative elements, it effectively creates several different crimes," and as a result it is divisible. Descamps, 133 S.Ct. at 2285 (quotation and alternation omitted). However, if the prior offense of conviction does not require the jury or factfinder to actually find all of the elements of the generic, enumerated offense, then the statute is not divisible. Descamps at 2290, 2293.

Turning to the movant's prior convictions, to satisfy the second factor in Chance, it must be determined whether movant's convictions for resisting an officer with violence, burglary of a dwelling, possession with intent to sell a controlled substance on or near a school, and sale/manufacture of cocaine are no longer qualifying predicate offenses for purposes of the ACCA enhancement. The court is mindful that it must only examine the elements of the offenses and not the movant's specific conduct in determining whether the prior convictions qualify as predicate offenses for purposes of the ACCA. See United States v. Chitwood, 676 F.3d 971, 976-77 (11 Cir. 2012)(describing the categorical approach).

**a. Resisting an officer with violence.** Petitioner argues that his prior conviction for resisting an officer with violence in case no. F88-4743 (PSI ¶27) does not qualify as a crime of violence. (Cv DE# 37:8-10).

The Eleventh Circuit has held that a defendant's prior conviction for the Florida felony of resisting an officer with violence is a violent felony under the elements clause of the ACCA. See United States v. Romo-Villalobos, 674 F.3d 1246, 1251 (11th Cir. 2012); United States v. Hill, ___ F.3d ____, 2015 WL 5023791 (11th Cir. 2015) (affirming Romo-Villalobos in that "resisting an officer with violence categorically qualifies as a violent felony under the elements clause of the ACCA."); see also, United States v. Telusme, 655 Fed. Appx. 743, 746 (11th Cir. July 8, 2016)(unpublished); United States v. Antunes–Rivera, 659 Fed.Appx. 538, 540, (11th Cir. Aug. 10, 2016)(unpublished).

In light of the foregoing, resisting an officer with violence under Florida law constitutes a crime of violence for purposes of an ACCA enhancement.

**b. Burglary of dwelling.** Petitioner argues that his prior conviction for burglary of a dwelling in case no. F88-11712 (PSI ¶28) no longer qualifies as a predicate offense for purposes of the ACCA enhancement. (Cv DE# 37:10-11).

Petitioner correctly argues that the Florida burglary conviction fails to qualify as a crime of violence. See Mathis v. United States, —- S.Ct. —-, 2016 WL 3434400, *3 (June 23, 2016); see also James v. United States, 550 U.S. 192, 212, 127 S. Ct. 1586, 1599, 167 L. Ed. 2d 532 (2007) overruled on other grounds by Samuel Johnson v. United States, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015)("We agree that the inclusion of curtilage takes Florida's underlying offense of burglary outside the definition of 'generic burglary'"). This conviction does not constitute a predicate offense for purposes of the ACCA.

**c. Sale of cocaine near a school.** The parties do not discuss whether Petitioner's prior conviction for sale of cocaine near a school in case no. F89-24921 (PSI ¶29) qualifies as a serious drug offense for purposes of the ACCA enhancement.

The guidelines define "controlled substance offense" as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. See U.S.S.G. §4B1.2(b). When determining if a crime is a "controlled substance offense," a court should "look at the elements of the convicted offense, not the conduct underlying the conviction." United States v. Lipsey, 40 F.3d 1200, 1201 (11th Cir. 1994) (per curiam).

26

Here, the parties do not dispute that the prior conviction for sale of cocaine near a school, a violation of <u>Fla.Stat.</u> §893.13, qualifies as a controlled substance offense. Florida law prohibits any person to "sell, manufacture, or deliver, or possess with intent to sell, manufacture or deliver, a controlled substance in, on, or within 1,000 feet of the real property comprising ... a public or private elementary, middle, or secondary school...." Fla. Stat. §893.13(1)(c). A person who violates section 893.13(1)(c) with respect to a controlled substance including cocaine commits a first-degree felony punishable by up to thirty years imprisonment. Fla. Stat. §§893.13(1)(c)1., 893.03(2)(a)4., 775.082(3)(b). Accordingly, his conviction for delivery of cocaine near a school is a "serious drug offense" for purposes of the ACCA.

   **d.   Sale/manufacture of cocaine**. The parties do not discuss whether Petitioner's prior conviction for sale, manufacture, or delivery of cocaine in case no. F94-20301 (PSI ¶39) qualifies as a predicate offense for purposes of the ACCA enhancement.

   Sale, manufacture, delivery of cocaine constitutes a serious drug offense for purposes of the ACCA. <u>See</u> <u>United States v. Home</u>, 206 Fed.Appx. 942, 944 n.3 (11th Cir. 2006) (sale or delivery of cocaine is a serious drug offense for purposes of enhanced sentence as an armed career criminal); <u>United States v. Johnson</u>, 515 Fed.Appx. 844, 847 (11th Cir.2013) (delivery of a controlled substance qualifies as a serious drug offense under the ACCA). The court properly relied on this conviction when enhancing Petitioner's sentence under the ACCA.

   **In conclusion**, the movant has not demonstrated that, in light of <u>Samuel Johnson</u>, the movant's prior convictions no longer qualify him for the ACCA sentencing enhancement. The movant's prior convictions for burglary of a dwelling does not constitute a

predicate offense for purposes of the ACCA. However, the movant has three prior felony convictions that do qualify as valid predicate offenses under the ACCA-resisting an officer with violence; possession with intent to sell a controlled substance near a school; and sale, manufacture, or delivery of cocaine.  As a result, he is not entitled to relief.

## VI.  <u>Certificate of Appealability</u>

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." <u>See</u> Rule 11(a), Rules Governing §2255 Proceedings for the United States District Courts. A §2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." <u>See</u> <u>Fed.R.App.P</u>. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. <u>See</u> 28 U.S.C. §2255-Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); <u>see also</u> <u>Slack v. McDaniel</u>, 529 U.S. 473,

484 (2000); <u>Eagle v. Linahan</u>, 279 F.3d 926, 935 (11th Cir. 2001).

After review of the record in this case, the Court finds the movant has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. <u>See</u> <u>Slack</u>, 529 U.S. at 485; <u>Edwards v. United States</u>, 114 F.3d 1083, 1084 (11th Cir. 1997).  Consequently, issuance of a certificate of appealability is not warranted and should be denied in this case. Notwithstanding, if  movant does not agree, he may bring this argument to the attention of the Chief Judge in objections.

## VII. <u>Conclusion</u>

Based on the foregoing, it is recommended that this motion to vacate be DENIED, that no certificate of appealability issue, and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this <u>17</u>[th] day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  Winfred Addison Lee
     Reg. No. 97760-004
     Coleman Medium
     Federal Correctional Institution
     Inmate Mail/Parcels
     Post Office Box 1032
     Coleman, FL 33521

     Anthony John Natale
     Federal Public Defender's Office
     150 W Flagler Street
     Suite 1500

```
Miami, FL 33130-1556
305-533-4246
Fax: 305-530-7120
Email: Anthony_Natale@fd.org

Tonya R. Long
U.S. Attorney's Office
Major Crimes
99 NE 4th Street
Miami, FL 33132
305-961-9112
Email: Tonya.Long@usdoj.gov
```