# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-20854-CIV-SEITZ/WHITE

WINFRED ADDISON LEE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER ADOPTING REPORT [DE-28], REJECTING REPORT [DE-47] AND GRANTING MOTION TO VACATE, DENYING CERTIFICATE OF APPEALABILITY, SETTING RESENTENCING, AND CLOSING CASE

THIS CAUSE is before the Court on two Reports of Magistrate Judge [DE-28 & 47]. Movant has filed objections [DE-29] to the first Report [DE-28], which recommends denying Movant's motion to vacate based on his ineffective assistance of counsel claims and his claim that the trial court erred during the colloquy about Movant's Sixth Amendment right to testify. As to the second Report, the Magistrate Judge recommends Movant's Amended Motion to Vacate be denied in light of *Johnson v. United States*. The Government has filed objections [DE-48] to the second Report.

After *de novo* review, the Court adopts the first Report, rejects the second Report, and grants Movant's § 2255 motion. The Government concedes that, in light of *Johnson*, Movant no longer has the necessary three predicate offenses under the Armed Career Criminal Act (ACCA). As discussed more fully below, because Movant was sentenced using an erroneous Guideline range and an erroneous mandatory minimum sentence, he has established that he is entitled to relief from his ACCA enhanced sentence.

## I. The First Report and Movant's Objections

The first Report addresses four claims: three ineffective assistance of counsel claims and a claim based on an alleged trial Court error during the colloquy about Movant's Sixth Amendment right to testify. As previously noted, the first Report recommends denying all four claims for relief. Movant raises five objections to the Report.

First, Movant objects because the Report did not address Movant's claims which alleged ineffective assistance of counsel based on counsel's failure to argue at sentencing that Movant lacked the predicate offenses to qualify as an Armed Career Criminal. Movant argues that the Court must address all of his claims. However, the Report does address all of Movant's claims raised in his Motion [DE-1], his Amended Complaint [DE-7], and his Second Amended Complaint [DE-13]. *See* DE-28 at 24-26. Contrary to Movant's objection, he did not directly raise *Johnson* in these filings. Further, this claim is directly addressed in the second Report. Thus, this objection to the first Report is overruled.

Second, Movant objects to the Report's finding that counsel was not ineffective for failing to predict the Supreme Court's decision in *Descamps v. U.S.*, 570 U.S. –, 133 S. Ct. 2276 (2013). The Report found that failing to anticipate changes in the law did not amount to ineffective assistance of counsel. Movant argues that because *Descamps* did not announce a new rule, but instead clarified existing law, counsel's performance was deficient for not raising challenges to the application of the ACCA enhancement. However, the Eleventh Circuit has stated that:

> In this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel. . . . That rule applies even if the claim based upon anticipated changes in the law was reasonably available at the time counsel failed to raise it.

2

> Further, the rule that it is not ineffective assistance for an attorney to fail to foresee a change in the law applies even when the change is such that the forfeited issue was, in hindsight, a sure fire winner.

*United States v. Ardley,* 273 F.3d 991, 993 (11th Cir. 2001) (citations omitted). Consequently, Movant's counsel's performance was not deficient for failing to anticipate the holding in *Descamps*. Thus, this objection is overruled.

Third, Movant objects to the finding that his prior burglary and battery offenses were committed on separate occasions. Movant contends that the offenses were committed simultaneously and, therefore, cannot constitute two separate predicate offenses under the ACCA. Movant, however, has not presented any evidence to establish that these offenses were committed simultaneously. Thus, this objection is overruled.

Fourth, Movant objects to the finding that counsel was not ineffective for failing to call a witness who allegedly possessed exculpatory evidence. Movant alleges that the witness would have testified that he saw a prostitute purchase drugs from Movant, not the police officer. Thus, Movant argues this testimony would have established that the police officer lied about purchasing the drugs himself. Movant, however, has not shown prejudice because the witness would have still testified that he saw Movant selling drugs. Thus, this objection is overruled.

Finally, Movant objects to the finding that counsel was not ineffective for failing to give adequate legal advice about Movant's right to testify. Movant, however, has not pointed to any particular error and simply relies on the arguments he previously made. Such objections are insufficient under Local Magistrate Judge Rule 4(b), which requires that objections "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made, the specific basis for such objections, and supporting legal authority." Thus, this objection

3

is overruled. Consequently, the first Report of Magistrate Judge [DE-28] is affirmed and adopted.

## II. The Second Report and the Government's Objections

After the Magistrate Judge issued his first Report, the Movant was permitted to file an amended memorandum of law in support of his § 2255 motion [DE-38], to which the Government responded [De-39], and to which Movant replied [DE-49]. In the amended motion, Movant, now represented by counsel, raised *Johnson* and argued that Movant no longer has the three predicate offenses necessary to qualify as an armed career criminal under the ACCA. The Report, however, recommends denying Movant's *Johnson* motion finding that Movant still qualifies as an armed career criminal under the ACCA. Movant did not file any objections to this second Report but the Government has. The Government does not object to the outcome of the second Report; it objects to the basis on which the Magistrate Judge makes his recommendations. While the Government states that Movant no longer has three valid ACCA predicate convictions, it maintains that Movant's *Johnson* motion must be denied because it is procedurally barred.

Generally, a Movant is procedurally barred from raising a challenge to his conviction or sentence for the first time in his § 2255 petition, if he could have raised the challenge on direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). Movant can avoid the procedural bar by showing "both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.* at 168. The Report found that Movant has not established prejudice under the cause and prejudice standard because his predicate

convictions still qualify under the ACCA.[1] The Government, on the other hand, maintains that Movant has not shown cause to overcome the procedural bar and has not shown prejudice because his 240 month sentence could have been lawfully imposed.

### A. *Movant Has Shown Cause*

The Government first argues that the second Report wrongly concluded that Movant had cause for failing to raise his *Johnson* claim on direct appeal. "To show cause, the petitioner must demonstrate 'some objective factor external to the defense' that impeded his effort to raise the claim properly in . . . court." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). The Government maintains that the vagueness argument, which ultimately the *Johnson* Court adopted, was not so novel as to preclude Movant from raising it earlier. In the Eleventh Circuit, "[i]n order to establish the novelty of a constitutional claim sufficient to provide cause, a defendant must initially demonstrate that his situation is one where a court has 'articulated a constitutional principle that has not been previously recognized but which has been held to have retroactive application.' " *Hargrave v. Dugger*, 832 F.2d 1528, 1531 (11th Cir. 1988) (quoting *Reed v. Ross*, 468 U.S. 1, 17 (1984)). The Movant has done so.

Prior to *Johnson*, the Supreme Court had upheld sentences under the residual clause of the ACCA over the dissents of justices who questioned the constitutionality of the residual clause. *See Sykes v. United* States, 564 U.S. 1 (2011) *overruled by Johnson v. United States,* – U.S. –, 135 S. Ct. 2551 (2015); *James v. United States*, 550 U.S. 192 (2007) *overruled by*

---

[1]Despite the Report's findings, the Government's objections concede that Movant no longer has three predicate offenses under the ACCA. The Court agrees.

5

*Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* explicitly overruled prior Supreme Court precedent that had upheld the constitutionality of the residual clause. Consequently, there is no question that Movant has shown cause for his failure to raise his *Johnson* claim earlier because the Supreme Court in *Johnson* articulated a new rule of constitutional law that was held to have retroactive application in *Welch v. United States*, – U.S. – , 136 S. Ct. 1257 (2016). Therefore, this objection is overruled.

### *ii. Movant Has Established Prejudice*

Next, the Government argues that Movant cannot show prejudice because his sentence did not exceed the aggregate statutory maximum for all of his counts of conviction. Movant was sentenced to 240 months imprisonment, followed by three years of supervised release. Specifically, Movant was sentenced to 180 months, the statutory minimum for Count 3, as to Counts 1-3 to run concurrently and to 60 months as to Count 4 to run consecutive to Counts 1-3. As the Report notes, statutorily, the term of imprisonment for Movant's two 21 U.S.C. § 841 convictions, Counts 1 and 2, was 0 to 20 years for each count; for Movant's 18 U.S.C. § 922(g)(1) and § 924(e) conviction, Count 3, 15 years to life; and for Movant's 18 U.S.C. § 924(c)(1)(A) conviction, Count 4, a minimum of five years. Thus, the Government argues because the Court could have lawfully imposed a sentence of 240 months based on Movant's non-ACCA convictions, Movant has not established actual prejudice.

To demonstrate prejudice, Movant "must shoulder the burden of showing, not merely that the errors at his trial [or sentencing] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." *Brown v. U.S.*, 720 F.3d 1316, 1333 (11th Cir. 2013) (quoting *Frady*,

456 U.S. at 170) (brackets in original). Thus, Movant must show that there is a reasonable probability that but for the error, his sentence would have been different. *See Mincey v. Head*, 206 F.3d 1106, 1147 (11th Cir. 2000) (holding that the showing of prejudice necessary to overcome a procedural default is the same showing of prejudice required by *Strickland*). Moreover, erroneously sentencing a defendant under § 924(e)(1) results in "actual prejudice" because it "affect[s] the defendant's substantial rights and seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Mays v. U.S.*, 817 F.3d 728, 737 n.12 (11th Cir. 2016) (quoting *U.S. v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009)). Such an illegal sentence warrants habeas relief. *Mays*, 817 F.3d at 737 n.12.

Without an ACCA enhancement, the maximum sentence for Movant's § 922(g)(1) conviction is ten years. *See* 28 U.S.C. § 924(a)(2). Movant received 15 years. Thus, Movant's sentence for his § 922(g)(1) conviction exceeds the statutory maximum for the offense. Consequently, Movant's 180 month sentence for his § 922(g)(1) conviction is illegal and Movant is entitled to resentencing as to this count.

The Government argues that even though Movant's sentence for Count 3 is unlawful, Movant is not entitled to resentencing because his combined sentence on all counts was less than the statutory maximum that he could have received. Therefore, according to the Government, Movant has not suffered prejudice. In response, Movant maintains that the "sentencing package doctrine" requires resentencing, not just as to Count 3, but as to Counts 1-3, which were grouped under the Guidelines and in the Presentence Investigation Report relied upon by the Court at sentencing. The Eleventh Circuit has explained the doctrine:

7

> The label "sentencing package doctrine" is a bit of a misnomer. It is not so much a
> doctrine as it is a common judicial practice grounded in a basic notion of how sentencing
> decisions are made in cases involving multiple counts of conviction. The notion is that,
> especially in the guidelines era, sentencing on multiple counts is an inherently
> interrelated, interconnected, and holistic process which requires a court to craft an overall
> sentence—the "sentence package"—that reflects the guidelines and the relevant § 3553(a)
> factors. *See United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010); *United
> States v. Gari*, 572 F.3d 1352, 1365–66 (11th Cir. 2009); *United States v. Klopf*, 423 F.3d
> 1228, 1245 (11th Cir. 2005). A criminal sentence in a multi-count case is, by its nature,
> "a package of sanctions that the district court utilizes to effectuate its sentencing intent
> consistent with the Sentencing Guidelines" and with the § 3553(a) factors. *See United
> States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996). The thinking is that when a
> conviction on one or more of the component counts is vacated for good, the district court
> should be free to reconstruct the sentencing package (even if there is only one sentence
> left in the package) to ensure that the overall sentence remains consistent with the
> guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in
> light of all the circumstances. *See id.; see also Pepper v. United States*, —U.S. —,
> 131 S. Ct. 1229, 1251, 179 L. Ed. 2d 196 (2011) (explaining that because "[a] criminal
> sentence is a package of sanctions that the district court utilizes to effectuate its
> sentencing intent," which "may be undermined by altering one portion of the calculus, an
> appellate court when reversing one part of a defendant's sentence may vacate the entire
> sentence so that, on remand, the trial court can reconfigure the sentencing plan to satisfy
> the sentencing factors in 18 U.S.C. § 3553(a)") (alterations, citations, and quotation
> marks omitted); *Martinez*, 606 F.3d at 1304 ("[W]e have adopted a holistic approach to
> resentencing, treating a criminal sentence as a package of sanctions that may be fully
> revisited upon resentencing.") (citation and quotation marks omitted); *United States v.
> Mixon*, 115 F.3d 900, 903 (11th Cir. 1997) ("If a multicount sentence is a package—and
> we think it is—then severing part of the total sentence usually will unbundle it.")
> (quotation marks omitted). The sentence package that has been unpackaged by a reversal
> is to be repackaged at resentencing using the guidelines and the § 3553(a) factors.

*U.S. v. Fowler*, 749 F.3d 1010, 1015-16 (11th Cir. 2014). This doctrine applies to resentencing after both a direct appeal and a successful § 2255 proceeding. *Id.* at 1017. Thus, under this doctrine, given that neither side disputes that Movant's Count 3 sentence is illegal post-*Johnson*, Movant would be entitled to resentencing on Counts 1-3.

Further, it is clear, and neither side disputes, that the Court sentenced Movant based on an inaccurate Guidelines range. Movant's Guidelines range was calculated based on a total offense level of 33, which was significantly raised because of his ACCA enhancement. Combined with

8

his Criminal History Points of IV, Movant's Guidelines range was 188-235 months. Without the ACCA enhancement, Movant's offense level would have been a 16, which would have put his Guidelines range at 33-41 months. Thus, the Court started its sentencing considerations with a Guidelines range that was more than five times the range that Movant should have fallen into.

The Supreme Court has held that:

> the [trial] court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights. Indeed, in the ordinary case a defendant will satisfy his burden to show prejudice by pointing to the application of an incorrect, higher Guidelines range and the sentence he received thereunder. Absent unusual circumstances, he will not be required to show more.

*Molina-Martinez v. U.S.*, 136 S. Ct. 1338, 1347 (2016). The *Molina-Martinez* Court noted that this is true even if the defendant's sentence fell within the correct Guidelines range. *Id.* at 1345. The Court also pointed to the fact that the trial judge ultimately imposed a sentence at the bottom of the erroneous Guidelines range as evidence that the trial court intended to give the defendant the minimum recommended by the Guidelines. *Id.* at 1347-48. While *Molina-Martinez* was a Rule 52(b) case, the reasoning in *Molina-Martinez* should apply here – starting with an erroneous Guidelines range prejudices a defendant and infringes on his substantial rights.[2] This conclusion is further supported by the fact that the Supreme Court has noted that "our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance." *Glover v. U.S.*, 531 U.S.

---

[2] While Eleventh Circuit cases have held that an incorrect application of the Guidelines is not subject to collateral attack, unless the sentence exceeds the statutory maximum, these cases pre-date *Molina-Martinez*. *See e.g., Spencer v. U.S.*, 773 F.3d 1132, 1143 (11th Cir. 2014). Since *Molina-Martinez*, a recent Eleventh Circuit decision has granted a § 2255 petition based on counsel's failure to object to an improper Guidelines range. *Bates v. U.S.*, 649 Fed. App'x 971, 976 (11th Cir. 2016) (relying in part on *Molina-Martinez* and its reasoning to show that movant had demonstrated the prejudice required under § 2255).

9

198, 203 (2001) (holding that legal error leading to an increased sentence establishes prejudice under *Strickland*).

Finally, while this Court could have sentenced Movant to the 240 months that he received, even if there had been no ACCA enhancement, it would not have done so. First, the Court departed downward from the erroneous Guidelines range and, instead, imposed the erroneous mandatory minimum sentence for Count 3. Second, it is clear from the sentencing transcript that the Court purposefully chose the lowest sentence that it could impose by law. Thus, the illegal sentence for Movant's § 922(e) count, use of the erroneous Guidelines range, and the erroneous statutory mandatory minimum prejudiced Movant. Accordingly, Movant has established cause and prejudice to overcome any procedural barrier to his Motion and to establish that he is entitled to relief.[3]

*The Court Will Not Issue A Certificate of Appealability*

The Court will deny issuance of a certificate of appealability for Movant's original motion pursuant to Rule 11 of the Rules Governing Section 2255 Cases. The Court, having established grounds for entering a "final order adverse to the applicant" on his first motion, "must issue or deny a certificate of appealability." In order to obtain a certificate of

---

[3]Neither side has provided authority directly on point. The Government relies on two cases to support its proposition that Movant cannot show prejudice because his overall sentence was less than the statutory maximum he could have received on all counts. The first, *U.S. v. Hester*, 287 F.3d 1355 (11th Cir. 2002), involved a direct appeal, did not involve the use of an improper Guidelines range, and was decided long before *Molina-Martinez*. The other case, *Brown v. Warden, FCC Coleman-Low*, 817 F.3d 1278 (11th Cir. 2016), involved application of the savings clause of 28 U.S.C. § 2255(e), which requires a movant establish more than just cause and prejudice; it requires a showing that the movant's detention, not just one of his sentences, is illegal. Such a showing is not required for the instant Movant to overcome his procedural bar because Movant has brought his Motion pursuant § 2255(a), not the the savings clause of § 2255(e).

appealability, Movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Here, Movant has not made this showing as to the issues in his original motion.

Thus, having carefully reviewed, *de novo*, Magistrate Judge White's Reports, the record, the Government's objections, and Movant's objections, it is

ORDERED that:

(1) The first Report of Magistrate Judge [DE-28] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order.

(2) Movant's original Motions for Relief Pursuant to § 2255 [DE-1, 7 & 13] are DENIED.

(3) Movant's Objections [DE-29] to the first Report are OVERRULED.

(4) The Court declines to adopt the Report of Magistrate Judge Recommending the Amended Motion to Vacate Be Denied in Light of *Johnson v. United States* [DE-47].

(5) The Government's Objections [DE-48] to the second Report are OVERRULED.

(6) Movant's Amended Motion to Vacate Sentence Under 28 U.S.C. § 2255 [DE-38] is GRANTED.

(7) A resentencing hearing is set for **January 10, 2018 at 10:00 a.m.**

(8) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT.

(9) A certificate of appealability is DENIED.

11

(10) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this  6th  day of December, 2017.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
All Counsel of Record